# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. CR414-005 |
| ) | |
| CARL EVAN SWAIN ) | |
| a/k/a "COWBOY" ) | |

## ORDER

Carl Evan Swain is charged in this case with murder, an offense punishable "by death or imprisonment for life." 18 U.S.C. § 1111(b). *See* Indictment (doc. 1) at 1; *see also id.* 2-3 (listing various statutory factors under 18 U.S.C. §§ 3591 and 3592 that would render the offense death penalty-eligible under the Federal Death Penalty Act).

Upon Mr. Swain's removal to this District from the United States District Court for the Northern District of Alabama, the Court assigned two local attorneys, one with considerable death penalty experience, to represent him on a provisional basis pending the Court's further communication with the Administrative Office of the United States Courts,

as required by 18 U.S.C. § 3005. The Court has since consulted with the Office of Defender Services within the Administrative Office. After considering its recommendations, the Court has decided to call upon Mr. Edward D. Tolley to serve as Swain's lead counsel in this case and, at Mr. Tolley's request, to assign Mr. William J. Hunter as co-counsel for Swain. The Court hereby excuses Mr. Richard Darden and Mr. Joshua Lowther from the further representation of Swain in this case.[1]

An indigent defendant charged with a capital crime is entitled to the appointment of two attorneys, at least one of whom "shall be learned in the law applicable to capital cases," 18 U.S.C. § 3005, and shall have been admitted to practice before the court for not less than five years and have at least three years experience in the actual trial of felony prosecutions before that court. 18 U.S.C. § 3599(b). The Court has chosen as defendant's lead counsel an attorney who has represented numerous

---

[1] The Court has every confidence that Mr. Darden and Mr. Lowther, who are both highly capable and skilled attorneys, would have provided excellent representation for Mr. Swain in this case. Mr. Darden is an experienced death penalty practitioner who has previously represented a defendant in this Court charged with a capital crime. Mr. Lowther has also distinguished himself in this Court as a highly skilled criminal defense attorney who is a zealous and effective advocate for his clients. The Court would not hesitate to call upon either of these attorneys in a future capital case.

defendants charged with state capital crimes and who has considerable experience before this Court in handling the defense of complex and protracted felony prosecutions. He is not only "learned in the law applicable to capital cases" but has distinguished himself both at the national and state levels as an attorney of exceptional ability, experience, and professionalism. Mr. Tolley's co-counsel, Mr. William Hunter, is an exceedingly capable young attorney who has impressed not only Mr. Tolley but also this Court with his legal skill, dedication to his clients, and professionalism.

After reviewing the policies and recommendation of the Administrative Office of the United States Courts, this Court is persuaded that defendant's lead counsel, Mr. Edward Tolley, should be compensated at the rate of $163.00 per hour for his services in this case. Mr. Tolley's co-counsel, Mr. William J. Hunter, will be compensated at the rate of $125.00 per hour for his services in this case.[2] These hourly rates shall apply to both in-court and out-of-court time.

The Court will allow counsel to submit interim vouchers during the

---

[2] Mr. Richard Darden will be compensated at the rate of $163 per hour, and Mr. Joshua Lowther at the rate of $125 per hour, for their services in this case.

progress of this case. *See* Guide to Judiciary Policies and Procedures, Vol. 7A, Ch. 6 at § 630.40. ("It is urged that the court permit interim payment of compensation in capital cases.").[3] After consulting the Guide, the Court imposes the following procedures for interim payments in this case:

1. **Submission of Vouchers**

Counsel shall submit to the court clerk, once each month, an interim Form CJA 30, Death Penalty Proceedings: Appointment of an Authority to Pay Court Appointed Counsel. Compensation earned and reimbursable expenses incurred for each month should be claimed on an interim voucher submitted no later than the tenth day of the following month, or the first business day thereafter. Each voucher will be numbered when processed for payment. Counsel should complete Item 18 on the form for each interim voucher. Interim vouchers should be submitted in accordance with this schedule even though little or no compensation or expenses are claimed for the respective period. All interim vouchers must be supported by detailed and itemized time and expense statements. The Guide, Volume 7A,

---

[3] Volume 7 of the Guide is available online at http://www.uscourts.gov/Federal Courts/AppointmentOfCounsel/CJAGuidelinesForms/GuideToJudiciaryPolicyVolume 7.aspx.

4

Chapter 6 (and Chapter 2, § 230), outlines the procedures and rules for claims by CJA attorneys and should be followed on each voucher.

The Court will review the interim vouchers when submitted, particularly with regard to the amount of time claimed, and will authorize compensation be paid for the approved number of hours. The Court will also authorize for payment all reimbursable expenses reasonably incurred. At the conclusion of the representation, each counsel should submit a final voucher seeking payment for representation provided during the final interim period. The final voucher should also set forth in detail the time and expenses claimed for the entire case, including all documentation. Counsel should reflect all compensation and reimbursement previously received on the appropriate line of the final voucher.

**2.   Reimbursable Expenses**

Counsel may be reimbursed for out-of-pocket expenses reasonably incurred incident to the representation. While the statute and applicable rules and regulations do not place a monetary limit on the amount of expenses that can be incurred, counsel should incur no single expense item in excess of $600.00 without prior approval of the court. Such approval may

be sought by filing an *ex parte* application with the clerk stating the nature of the expense, the estimated dollar cost, and the reason the expense is necessary to the representation. An application seeking such approval may be filed *in camera*, if necessary. Upon finding that the expense is reasonable, I will authorize counsel to incur it. Recurring expenses, such as telephone toll calls, photocopying, and photographs, which aggregate more than $600.00 on one or more interim vouchers are not considered single expenses requiring court approval.

With respect to travel outside of the county of counsel's principal law office for the purpose of consulting with the client or his counsel, interviewing witnesses, etc., the $600.00 rule should be applied in the following manner. Travel expenses, such as air fare, mileage, parking fees, meals, and lodging, can be claimed as itemized expenses. Therefore, if the reimbursement for expenses relating to a single trip will aggregate an amount in excess of $600.00, the travel should receive prior approval of the Court.

The following additional guidelines may be helpful to counsel:

(a) Case related travel by privately owned automobile should be

claimed at the rate of $0.56 per mile, plus parking fees, ferry fares, and bridge road, and tunnel tolls. Transportation other than by privately owned automobile should claimed on an actual expense basis. Air travel in "first class" is prohibited. Counsel and persons providing services under CJA are encouraged to contact the clerk for air travel authorization at government rates.

(b) Actual expenses incurred for meals and lodging while traveling outside of the county of counsel's principal law office in the course of this representation must conform to the prevailing limitations placed upon travel and subsistence expenses for federal judiciary employees in accordance with existing government travel regulations. For specific details concerning high cost areas, counsel should consult the clerk.

(c) Telephone toll calls, telegrams, photocopying, and photographs can all be reimbursable expenses if reasonably incurred. However, general office overhead, such as rent, secretarial help, and telephone service, is not a reimbursable expense, nor are items of a personal nature. In addition, expenses for service of subpoenas on fact witnesses are not reimbursable, but rather are governed by Fed. R. Crim. P. 17 and 28 U.S.C. § 1825.

### 3. Further Guidance

Answers to questions concerning appointment under the CJA can generally be found in (1) 18 U.S.C. § 3006A; (2) the Plan of the United States District Court for the Southern District of Georgia, available through the clerk; and (3) the Guide, Vol. 7A (Guidelines for Administering the CJA and Related Statutes), published by the Administrative Office of the U.S. Courts, also available through the clerk or online. Should these references fail to provide the desired clarification or direction, counsel should address their inquiries directly to me or my staff.

**SO ORDERED** this 3rd day of February, 2014.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA