IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA     )
                             )
v.                           )  CASE NO. CR414-005
                             )
CARL EVAN SWAIN,             )
                             )
    Defendant.               )
                             )

## O R D E R

Before the Court is the Government's Motion in Limine. (Doc. 278.) In this motion, the Government seeks a pretrial ruling that certain evidence is admissible at trial. Specifically, the Government contends that text messages between Defendant Swain and co-Defendant Lillie Mae Eubank, and false statements made by co-Defendant Eubank to members of the victim's army unit are admissible as coconspirator admissions. (Id. at 1.) In addition, the Government argues that a recording of a 911 call containing statements made by individuals who first discovered the victim is admissible as a present sense impression and excited utterance. (Id. at 2.) Finally, the Government maintains that photographs of the victim taken at the hospital and during an autopsy are admissible. (Id. at 3.) For the following reasons, the Government's motion is **GRANTED IN PART** and **DENIED IN PART**.

As an initial matter, the Court notes that Defendant Swain does not object to the introduction of co-Defendant Eubank's text messages, the 911 call, and the photographs. (Doc. 283 at 1-2.) Therefore, these portions of the Government's motion are **GRANTED**.[1] Accordingly, the Court need only address co-Defendant Eubanks statements made to members of the victim's army unit after the alleged murder.

Federal Rule of Evidence 801(d)(2)(E) excludes as hearsay an opposing party's statement that "was made by the party's coconspirator during and in furtherance of the conspiracy." To establish the applicability of this exception, the party offering the statement must "prove by a preponderance of the evidence that (1) a conspiracy existed, (2) the conspiracy included the declarant and the defendant against whom the statement is offered, and (3) the statement was made during the course of and in furtherance of the conspiracy." United States v. Underwood, 446 F.3d 1340, 1345-46 (11th Cir. 2006). The United States Supreme Court has noted that this exception is only applicable "to declarations made while the conspiracy charged was still in progress." Anderson v. United States,

---

[1] The Court notes that the parties appear to have an agreement concerning the introduction of hospital and autopsy photographs. (Doc. 287.) Introduction of the photographs at trial is subject to the terms of any such agreement.

2

417 U.S. 211, 218 (1974). Moreover, the requirement that coconspirator statements be limited to those made while the conspiracy was in progress has been "scrupulously observed." Id. To that end, "[s]tatements made after the cessation of the primary purpose of the conspiracy that served only to conceal the conspiracy are not protected by the Rule." United States v. Griggs, 735 F.2d 1318, 1324-25 (11th Cir. 1984).

The second superseding indictment in this case alleges a conspiracy to commit murder for hire.[2] According to the Government's motion, co-Defendant Eubank's statements to members of the victim's army unit were made after Defendant Swain allegedly attacked the victim by hitting him over the head with a baseball bat. (Doc. 278 at 5-7.) Additionally, co-Defendant Eubank allegedly agreed prior to the murder that she and Defendant Swain would share in the proceeds from the victim's life insurance policy. (Doc. 101 ¶ 14.) Therefore, the alleged conspiracy to commit murder for hire was complete at the time of co-Defendant Eubank's statements: a facility of interstate commerce had been

---

[2] The second superseding indictment alleges both conspiracy to commit murder for hire and conspiracy to commit murder. However, the Court will only address whether the conspiracy to commit murder for hire was complete because that charge includes all the necessary elements of a conspiracy to commit murder.

3

used, a murder had been committed, and an agreement to pay money as consideration for committing the murder had been made. Quite simply, there was nothing left for the coconspirators to accomplish with respect to the conspiracy. Co-Defendant Eubank's statements "served only to conceal the conspiracy," rendering them outside the ambit of Rule 801(d)(2)(E). Griggs, 735 F.2d at 1324-25. Therefore, the Court finds the Government's arguments without merit.[3]

The Government also argues that these statements are admissible because they are not being used to prove the truth of the matter asserted, but only that co-Defendant Eubank was "determined to conceal her own role and the role of Swain in the conspiracy to murder her husband, and that

---

[3] The Court is perplexed by the Government's reliance on United States v. Blakely, 960 F.2d 966 (11th Cir. 1992), and Griggs, 735 F.2d 1318. Both cases appear to contradict the Government's proposition that "[s]tatements which serve a necessary part of a conspiracy by concealing it or impeding an investigation are admissible as statements made during and in furtherance of the conspiracy." (Doc. 278 ¶ 19.) In Griggs, it is clear that the coconspirator statements, which attempted to conceal the conspiracy, were made while the conspiracy was ongoing. 735 F.2d at 1325 (noting that district court concluded conspiracy ongoing at time statement made). Although less clear in Blakely, it appears that the defendant's check fraud scheme was also ongoing at the time of the coconspirator statements. 960 F.2d at 998 (noting that statement made during course of bank's investigation into whether checks were properly payable). Based on its review of these cases, this Court is unpersuaded that they effectively support the Government's position.

she lied repeatedly to do so." This argument, however, lacks merit. It is readily apparent that these statements are being offered to prove that Defendant Swain conspired with co-Defendant Eubank to, and actually did, commit murder. These statements would have little evidentiary value otherwise because no defendant in this case is charged with any crime that includes the making of false statements as an element of the offense. As noted above, coconspirators' statements made to conceal the conspiracy, which is exactly what the Government claims to be the truth of the matter asserted, are excluded as improper hearsay. The Government's argument is an attempted end-run around that rule using their own conclusory allegations that the statements were false. Accordingly, this portion of the Government's motion lacks merit.

SO ORDERED this 20th day of March 2015.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA