IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR414-005
)
CARL EVAN SWAIN, )
)
Defendant. )
)

**O R D E R**

Before the Court is Defendant's Motion to Merge Counts for Sentencing. (Doc. 315.) In this motion, Defendant argues that the evidence presented at trial establishes that counts one and two of the second superseding indictment—conspiracy to commit murder for hire and conspiracy to commit murder, respectively—are multiplicious. (Id. ¶ 5.) Defendant, therefore, argues that these counts should be merged for the purposes of sentencing. (Id. ¶ 6.) The Government has elected not to respond to Defendant's motion.

Defendant previously filed a Motion to Dismiss Multiplicious Counts. (Doc. 280.) In denying that motion (Doc. 293), the Court noted that counts are multiplicious when a single offense is charged in more than one count. United States v. Sirang, 70 F.3d 588, 595 (11th Cir. 1995) (quoting United States v. Howard, 918 F.2d 1529, 1532 (11th

Cir. 1990)). Additionally, two counts are not multiplicious where one count " 'requires proof of an additional fact which the other does not.' " United States v. Anderson, 872 F.2d 1508, 1520 (11th Cir. 1989) (quoting Ward v. United States, 694 F.2d 654, 661 (11th Cir. 1982)).

After reviewing Defendant's motion, the Court once again concludes that counts one and two are not multiplicious. As the Court previously discussed (Doc. 293), the statutory provisions underlying counts one and two, while very similar, require the Government to prove slightly different facts.[1] Moreover, the two counts are charged under separate conspiracy statutes.[2] See Anderson, 872 F.2d at 1520 (holding counts not multiplicious where based on separate statutory provisions prohibiting specific types of conspiracies rather than being grounded in only

---

[1] Conspiracy to commit murder for hire requires that the Government prove Defendant conspired (1) to use or cause another to use any facility of interstate or foreign commerce; (2) the intention that murder be committed; and (3) the existence of a promise or agreement to pay anything of pecuniary value as consideration for committing the murder. Conspiracy to commit murder only requires the Government to prove Defendant conspired to cause the death of the victim with (1) malice aforethought and (2) premeditated intent.

[2] Conspiracy to commit murder for hire is charged under a general conspiracy statute, 18 U.S.C. § 371, which prohibits two or more individuals from conspiring to commit any offense against the United States. Conspiracy to commit murder, however, is charged under a specific conspiracy statute, 18 U.S.C. § 1117, which expressly prohibits two or more individuals from conspiring to commit murder.

2

general conspiracy statute). Accordingly, Defendant's motion is **DENIED**.

Attempting to sidestep the Court's previous ruling, Defendant contends that counts one and two are multiplicious because the evidence actually adduced at trial establishes that the same conduct by Defendant forms the basis for his conviction on both counts. (Doc. 315 ¶ 5.) However, the Court can find no legal basis for Defendant's argument. Even assuming the evidence presented at trial shows that Defendant's convictions on counts one and two are based on the exact same conduct, the simple fact remains that the Government was required to prove separate and distinct elements with respect to each count. It is unsurprising that a defendant's actions may result in the violation of multiple statutory provisions and leave him to face multiple sentences for one singular course of conduct. Ultimately, the Court is unpersuaded by Defendant's argument and concludes that counts one and two need not be merged for sentencing.

SO ORDERED this 18th day of May 2015.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA